UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARON STEVENS,

         **Plaintiff,**

 vs.                    5:16-cv-01076
                           (MAD/ATB)
EOS CCA,

         **Defendant.**
_____

APPEARANCES:             OF COUNSEL:

**MARCUS & ZELMAN, LLC**       **YITZCHAK ZELMAN, ESQ.**
1500 Allaire Ave.
Ocean, New Jersey 07712
Attorneys for Plaintiff

**PELTAN LAW, PLLC**         **DAVID G. PELTAN, ESQ.**
128 Church Street
East Aurora, New York 14052
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

  On September 1, 2016, Sharon Stevens ("Plaintiff") commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") against EOS CCA ("Defendant"). *See* Dkt. No. 1. On December 14, 2016, Plaintiff accepted an offer of partial judgment in the amount of $1,501.00 for damages pursuant to Fed. R. Civ. P. 68 as a result of Defendant's alleged violations of the FDCPA. *See* Dkt. No. 13. The order reserved on the issue of Plaintiff's attorney's fees and costs where "[s]aid fees and costs are to be in an amount as agreed by counsel for the parties, or if they are unable to agree, as determined by the Court, upon Motion." *See id* at 5.

  Plaintiff's attorney Yitzchak Zelman ("Zelman") and Defendant did not reach an agreement

on attorney's fees. As a result, on January 17, 2017 Mr. Zelman filed this pending motion for twenty-three hours of attorney's fees at $250.00 per hour for a total of $5,750.00 in attorney's fees along with $465.00 in costs and expenses, for a total of $6,215.00 in fees and costs. *See* Dkt. No. 16-1 at 9. On February 6, 2017, Defendant filed a response in opposition to Mr. Zelman's motion. *See* Dkt. No. 19. On February 9, 2017, Mr. Zelman filed his reply to Defendant's motion. *See* Dkt. No. 20.

Pursuant to the FDCPA, a prevailing plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Having found authority for an award of attorney's fees to Plaintiff, the Court must now determine whether Plaintiff's fee request is reasonable.

"When a litigant qualifies as one eligible for attorney's fees under the FDCPA, the district court has the discretion to adjust the amount of fees for various portions of the litigation, guided by reason and the statutory criteria." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing 15 U.S.C. § 1692k(a)(3)). "Both [the Second Circuit] and the Supreme Court have held that the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case–creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (other citation omitted); *see also Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (stating "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours") (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of

comparable skill, experience, and reputation." *Kapoor*, 269 F. Supp. 2d at 412 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

"[T]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174. In the Second Circuit, "'any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

"In determining a reasonable fee, the district court 'should exclude . . . hours that were not reasonably expended,' including 'hours that are excessive, redundant, or otherwise unnecessary.'" *Genito v. Forster & Garbus LLP*, No. 6:15-CV-00954, 2016 WL 3748184, *2 (N.D.N.Y. July 11, 2016) (quoting *Hensley*, 461 U.S. at 434). "The relevant inquiry for the Court 'is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Id.* (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)) (other quotation omitted).

In determining what a reasonable, paying client would be willing to pay, the Court considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service

3

> properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Additionally, "[p]laintiffs cannot recover for time spent by attorneys completing administrative tasks . . . 'A court may make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing and other administrative tasks [such as] . . . faxing and mailing documents, making copies, filing, scanning, preparing documents for electronic filing, electronic file management, binding documents, and Bates stamping.'" *Ryan v. Allied Interstate, Inc.*, 882 F. Supp. 2d 628, 636 (S.D.N.Y. 2012) (quoting *E.S. v. Katonah–Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431–32 (S.D.N.Y. 2011)) (other citations omitted).

Furthermore, the Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons*, 575 F.3d at 174). Accordingly, the Court finds that the prevailing hourly rates for the Northern District of New York are the appropriate guide for reasonable hourly fees in this case.

Mr. Zelman states that he regularly charges $300.00 per hour as an attorney who "has been practicing consumer law for over four years, and is now a partner in a two-attorney firm focusing exclusively on consumer advocacy claims." Dkt. No. 16-1 at 6-7. To support his asserted $300.00 per hour rate, Mr. Zelman cites two New Jersey cases in which he was awarded an hourly rate of $300.00 per hour: *Manopla v. Bryant, Hodge & Assocs., LLC*, No. CIV.A. 13-338 JAP,

2014 WL 793555 (D.N.J. Feb. 26, 2014) and *Diena v. MCS Claim Servs., Inc.*, No. CIV.A. 13-5902 JAP, 2014 WL 5358995 (D.N.J. Oct. 20, 2014). Mr. Zelman also cites an Eastern District of New York case in which he was awarded an hourly rate of $250 per hour, *Tjartjalis v. Bureau*, No. CV 14-1412, 2016 WL 4223493 (E.D.N.Y. Aug. 9, 2016). In this case, Mr. Zelman has voluntarily reduced his "hourly rate to $250 an hour." Dkt. No. 16-1 at 8. In opposition, Defendant urges "the Court to award the hourly rate of $200 per hour at the maximum, in recognition of the routine nature of this case thus far and the lack of skill required to prosecute it, as well as Plaintiff's counsel's limited years of practice." Dkt. No. 19 at 5.

In the present matter, the Court finds that a rate of $200 per hour is reasonable for Mr. Zelman considering the prevailing rates in the Northern District of New York, the nature of the case, and Mr. Zelman's experience. As recently as 2012, the Second Circuit has upheld determinations that "[t]he prevailing hourly rates in [the Northern District of New York], which are what a reasonable, paying client would be willing to pay, are $210 per hour for an experienced attorney [and] $150 per hour for an attorney with more than four years experience." *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Bergerson*, 652 F.3d at 290). A rate of $200 per hour is reasonable for an attorney with five years of litigation experience. *See Deferio v. Bd. of Tr. of State Univ. of N.Y.*, No. 5:11-CV-0563, 2014 WL 295842, *8 (N.D.N.Y. Jan. 27, 2014) (rejecting the requested rate of $250 per hour and awarding an attorney with five years of litigation experience a rate of $200 per hour).

Additionally, New York courts have recently reduced Mr. Zelman's rate to $200 per hour in FDCPA cases. In 2015, an Eastern District of New York court reduced "the hourly rate for Zelman to $200" from his requested rate of $300 per hour in an FDCPA case. *Nicaisse v. Mel S. Harris & Assocs.*, LLC, No. 14-CV-1569, 2015 WL 5561296, *7 (E.D.N.Y. Sept. 19, 2015). In

5

2016, an Eastern District of New York court again reduced Attorney Zelman's hourly rate to $200 in an FDCPA case. *See Nicaisse v. Stephens & Michaels Assocs., Inc.*, No. 14-cv-1570, 2016 WL 4367222, *9 (E.D.N.Y. June 9, 2016), report and recommendation adopted, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016). Therefore, this Court finds that an hourly rate of $200 for Attorney Zelman is reasonable.[1]

Moreover, the Court has reviewed the billing entries and finds excessive, redundant, or otherwise unnecessary hours included in the record. *See* Dkt. No. 16-3. Mr. Zelman submitted a printout of his time records stating he expended twenty-three hours litigating this matter. *See id.* The records were maintained by his billing software and broken down into six-minute billing increments. *See id.*; *see also* Dkt. No. 16-1.

In its response, Defendant contends that the amount of time Mr. Zelman devoted to this matter was excessive and argues that "at most 15 hours would be reasonable." Dkt. No. 19 at 6. Specifically, Defendant takes issue with the following billed entries: (1) August 2, 2016, one hour billed for completing an application for admission to practice in the Northern District of New York; (2) September 2, 2016, 0.7 hours billed for completing a civil cover sheet and filing this case and September 7, 2016, 0.2 hours billed for filing summons returned executed on CM-ECF; (3) October 17, 2016, 0.2 hours billed for reviewing the Court's individual rules regarding the case disposition pilot; (4) November 1, 2016, 1.7 hours billed for conducting a meet and confer and

---

[1] The Court notes that Mr. Zelman relies on *Seidenfuss v. Diversified Adjustment Servs., Inc.*, No. 5:15-cv-1210, 2016 WL 1047383, *2 (N.D.N.Y. Mar. 15, 2016), in support of his requested hourly rate. *See* Dkt. No. 16-1 at 8. The attorney in that FDCPA case was awarded a rate of $350.00 per hour. *See Seidenfuss*, 2016 WL 1047383, at *1-*2. The attorney in *Seidenfuss* was admitted to practice before the Court of New York State on September 11, 1974. *See id.* at *1. While Mr. Zelman may be a partner in his two attorney firm, his experience is more commensurate with that of a junior associate and in no way comparable to the plaintiff's attorney in *Seidenfuss* who had over forty-two (42) years of experience.

6

drafting the case management plan; (5) November 10, 2016, 0.5 hours billed for reviewing an order referring the case to mandatory mediation and reviewing the Local Rules of Practice; (6) November 11, 2016, 2.8 hours billed for reviewing Defendant's initial disclosure and researching the "ramifications and legal effect of a partial offer of judgment;" and (7) January 17, 2017, 6.5 hours billed for drafting the present motion and supporting documents and 1.2 hours billed for additional research for a total of 7.7 hours. *See* Dkt. No. 19 at 6-8. Having reviewed the parties' submissions, the Court agrees with Defendant that several of these entries are either excessive or not properly included in an application for attorney's fees.

      First, the Court agrees that Mr. Zelman is not entitled to fees for the time it took for him to apply for admission to practice in the Northern District of New York. This task is administrative in nature and could have been billed primarily by non-legal personnel. Further, courts have found that attorney's fees should only be awarded from the time that the attorney was admitted to practice before the court where the matter was pending. *See, e.g., Shapiro v. Paradise Valley Sch. Dist. No. 69*, 374 F.3d 857, 861 (9th Cir. 2004) (affirming the district court's decision disallowing attorney's fees prior to the date that the attorney was admitted to practice *pro hac vice* before the court). As such, the Court finds that Mr. Zelman is not entitled to attorney's fees for the one (1) hour billed for his admission to practice.

      The Court also agrees with Defendant that Mr. Zelman should not be awarded fees for the time spent preparing and filing the civil cover sheet and summons. *See Lann v. Colvin*, No. 14-cv-827, 2015 WL 82622223, *1 (W.D. Okla. Nov. 10, 2015) (holding that the preparation and filing of civil cover sheets and summons is clerical work) (citing cases). As such, the total award will be reduced by 0.9 hours.

      Moreover, the time spent for reviewing the Court's Individual Rules and the Local Rules

regarding the court-ordered mediation process are more in the nature of general education. As such, the Court finds that this time (0.7 hours) will not be included in the awarded attorney's fees. *See Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1215-16 (E.D. Cal. 2009) (refusing to award fees for time spent familiarizing oneself with the Local Rules) (citation omitted); *see also Perdue v. City Univ. of N.Y.*, 13 F. Supp. 2d 326, 346 (E.D.N.Y. 1998) ("Although Perdue's attorneys are entitled to reasonable compensation for time spent in researching employment discrimination law, they should not be fully compensated for their general education") (citation omitted).

As to the time spent conducting "meet and confer for Case Management Plan" and reviewing the plan once completed, the Court finds that 1.7 hours is excessive. The Case Management Plan is stock form provided by the Court. According to Defendant, their own billing records indicate that they spent 0.3 hours on the phone with Mr. Zelman completing the form. *See* Dkt. No. 19 at 8. As such, the Court finds that 0.5 hours is the amount of time that a reasonably competent attorney would require to complete this task.[2]

Mr. Zelman has also included 2.8 hours for his review of Defendant's initial disclosures and Rule 68 Offer of Judgment and for researching "ramifications and legal effect of a partial offer of judgment." Dkt. No. 16-3 at 2. Defendant contends that this amount of time is excessive and, considering Mr. Zelman's "acumen within the industry," he should be well-versed in the ramifications of an offer of judgment. *See* Dkt. No. 19 at 7. The Court again agrees with Defendant that the time billed for this work is excessive. Rule 68 offers of judgment are commonly used in FDCPA cases and, in fact, Attorney Zellman settled such a case in the

---

[2] The Court notes that Mr. Zelman has several other entries on his time sheet relating to changes made to and the filing of the Case Management Plan. *See* Dkt. No. 16-3 at 2. Defendant has not specifically challenged these entries.

8

Southern District of New York through a Rule 68 offer just last year. *See Kaufman v. National Recovery Agency*, No. 7:15-cv-9355, Dkt. No. 19 (S.D.N.Y. 2016). Accordingly, the Court finds that, Mr. Zelman will be awarded one (1) hour for the time spent on this entry.

Finally, the Court finds that the time spent for researching and preparing the pending motion was excessive, not only because of the amount of time spent, but also because it may have been entirely unnecessary had he attempted to settle the attorney's fees matter with Defendant's counsel. Initially, the Court finds that 1.2 hours spent researching "FDCPA attorney hourly rates in the Northern District of New York" is excessive, especially considering Mr. Zelman only cited to four such cases, none of which were particularly helpful. Considering the simplicity of this task, the Court finds that 0.5 hours is a reasonable amount of time spent researching the prevailing rates in the Northern District of New York.

Next, the Court finds that the remaining 6.5 hours spent to draft the pending motion for attorney's fees and costs is entirely unreasonable. As Defendant notes, the Offer of Judgment provides that "[r]easonable attorney fees and taxable costs accrued in connection with the above-referenced claim are to be added to the Judgment as against the Defendant. Said fees and costs are to be in an amount as agreed by counsel for the parties, or if they are unable to agree, as determined by the Court, upon Motion. . . .'" Dkt. No. 19 at 8 (emphasis omitted). Attached to its response, Defendant has provided emails dated December 14, 2016, December 28, 2016, and January 4, 2017, in which Defendant's counsel contacted Mr. Zelman requesting his billing summary to negotiate attorney's fees. *See* Dkt. Nos. 19-2, 19-3, 19-4 and 19-5. Mr. Zelman failed to respond to these requests and did not attempt to negotiate his fees prior to filing the pending motion. *See* Dkt. No. 19 at 8. In response, Mr. Zelman provides nothing but his own conclusory assertions that, during conversations, Defendant's counsel "made clear that the Defendant did not

9

intend to pay the fees that Plaintiff would seek, and that a reduced 'settlement' would be sought by Defendant." Dkt. No. 20 at 10.

The Court does not doubt, especially having reviewed Mr. Zelman's requested hourly rate and hours spent on this matter, that Defendant would have attempted to settle the attorney's fees issue for less than the amount requested. Perhaps Mr. Zelman would have found the offer acceptable. Mr. Zelman, however, declined to participate in this settlement process called for in the Offer of Judgment and thereby deprived Defendant of the chance to settle this matter without additional motion practice. The Court would be within its rights to strike all time associated with this motion for attorney's fees based on Mr. Zelman's refusal to attempt to settle this matter prior to filing. *See Schoolcraft v. City of New York*, No. 10 Civ. 6005, 2016 WL 4626568, *13 (S.D.N.Y. Sept. 6, 2016) (finding that, although some courts permit fees and expenses for work done preparing and filing a motion for fees after the Rule 68 offer of judgment, "they are not warranted here where Plaintiff's counsel did not attempt to settle the matter prior to filing") (citation omitted). Since Defendant has only asked that the amount be reduced, the Court will not strike the entire amount. Rather, the Court shall reduce the 6.5 hours spent on compiling the pending motion to 2.0 hours, which is a reasonable amount of time to have spent on a simple attorney's fees application, especially after having already spent 1.2 hours researching the rates for the Northern District. *See Seidenfuss v. Diversified Adjustment Servs., Inc.*, No. 5:15-CV-1210, 2016 WL 1047383, *3 (N.D.N.Y. Mar. 15, 2016) (stating "it is unreasonable that a third of the total time [Plaintiff's Attorney] spent on this case was in preparation of his own fee application" and reducing the total hours spent on the attorney's fees application to 2.0 hours).

Based on the foregoing, the Court grants in part and denies in part Plaintiff's motion for attorney's fees. Based on the reductions set forth above, Plaintiff is awarded 11.7 hours at the rate

of $200.00 per hour, for a total of $2,340.00 in attorney's fees. *See Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 197 (N.D.N.Y. 2008) (finding 11 hours of work reasonable for a FDCPA case); *see also Van Echaute v. Law Office of Thomas Landis*, Esq., No. 6:09-CV-1071, 2011 WL 1302195, *4 (N.D.N.Y. Mar. 31, 2011) (reducing an attorney's billed hours from 13.6 to 5 hours after an attorney prepared a complaint, attended a pre-trial conference, negotiated a settlement and researched an attorney's fee issue in the offer of judgment in an FDCPA case).

In addition to the reasonable attorney's fees, 15 U.S.C. § 1692k(a)(3) provides for costs. Mr. Zelman has requested $400.00 for the filing fee and $65.00 for service of process fees. *See* Dkt. No. 16-1 at 9. These costs are appropriately awarded in FDCPA cases and, therefore, this aspect of Plaintiff's motion is granted.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 16) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Plaintiff is awarded $2,340.00 in attorney's fees and $465.00 in costs; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 21, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge